Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton,
a la cual se une la Juez Asociada Señora Rodríguez Rodríguez.
Disentimos de la opinión del Tribunal por entender que un contrato de arrendamiento para la instalación de ante-nas de celulares en el techo de la fosa de los ascensores por un término menor de seis años es un acto de administra-ción que sólo requiere la aprobación de una mayoría del Consejo de Titulares, pues constituye un uso más eficaz de este elemento común. Conforme al Art. 13 de la Ley de la Propiedad Horizontal, 31 L.P.R.A. sec. 1291k, y dado que el acuerdo tomado por el Consejo de Titulares del Condomi-nio Torre de Caparra no afecta ni menoscaba el uso y des-tino de la azotea del mencionado condominio, no procede decretar la nulidad del contrato en controversia.
No cabe duda que una determinación que altere o afecte el uso y destino de los elementos comunes requiere el con-sentimiento unánime de todos los titulares. 31 L.P.R.A. 129 ln. Lo que debemos ponderar es si, en efecto, un arren-damiento de una parte del techo de los ascensores afecta el *496 uso y destino de ese elemento común. Al respecto, el profe-sor Godreau explica que “[p]or afectar debe entenderse aquello que menoscaba, amenaza o disminuye la efectivi-dad o el valor de un elemento común”. M.J. Godreau, El condominio: el régimen de propiedad horizontal en Puerto Rico, Río Piedras, Ed. Dictum, 1992, pág. 128.
Del expediente de autos se desprende que el elemento común en controversia no es parte de la azotea, sino de un área pequeña elevada sobre la azotea dél edificio (‘elevator shaft’) que no es frecuentada ni utilizada por los titulares del Condominio Torre de Caparra. Además, no hay acceso regular alguno a ésta. Contrario a lo que concluye la opi-nión del Tribunal, consideramos que dicho elemento común no es parte de la azotea, sino el techo de la fosa de los ascensores. En vista de ello, resulta evidente que la insta-lación de la antena no impide ni afecta el uso y destino de la azotea del condominio ni de la fosa de los ascensores, por lo que nos parece irrazonable exigir el consentimiento uná-nime de los titulares para tales efectos.
Por otro lado, los actos de administración o conservación de los elementos comunes sólo requieren la aprobación de una mayoría de los titulares. Art. 16 de la Ley de la Pro-piedad Horizontal, supra. Hemos sostenido en ocasiones anteriores que los acuerdos del Consejo de Titulares que no impliquen modificaciones al carácter material o registral del condominio, salvo clara expresión legislativa, no reque-rirán un acuerdo unánime. Véase Brown III v. J.D. Cond. Playa Grande, 154 D.P.R. 225, 243 (2001), opinión concurrente. Conforme a este criterio, el arrendamiento en controversia no implicaba modificaciones al carácter regis-tral del condominio, pues se trataba de un arrendamiento por un término de menos de seis años que no tiene acceso al Registro de la Propiedad. De hecho, este tipo de arren-damiento es considerado por la teoría de contratos y de derecho hipotecario como un acto de administración.
A su vez, el techo de la fosa de los ascensores en el Con-dominio Torre de Caparra no es un área a la cual los titu- *497 lares tenían un acceso regular para andar o disfrutar de ésta. De hecho, las fotografías incluidas en el expediente revelan que la configuración de este elemento común no permite que los titulares utilicen dicha área como terraza o como superficie por la cual se pueda caminar o disfrutar como si fuera otro piso o azotea. Además, dichas fotografías también demuestran que el único uso que actualmente se le brinda a este techo es para la instalación de antenas de diversos tipos.
Por consiguiente, concluimos que el uso de este ele-mento común para los propósitos del contrato de arrenda-miento no interfiere de forma alguna con el uso y destino . que los titulares le brindan a la azotea o al techo de la fosa de los ascensores del Condominio Torre de Caparra. Á base de estas circunstancias, no tenemos duda de que el con-trato de arrendamiento en controversia constituyó un acto de administración para darle un uso más eficaz a dicho elemento común. Por lo tanto, entendemos que el Departa-mento de Asuntos del Consumidor actuó correctamente al determinar que dicho acuerdo sólo requería la aprobación de la mayoría de los titulares.
Por otra parte, aun si se requiriese —como concluye la opinión del Tribunal— el consentimiento unánime de los titulares para acuerdos de esta naturaleza, consideramos que no procedería anular el contrato de arrendamiento en el caso de autos. Entendemos que las objeciones al contrato esbozadas por el Sr. Denjiro Rivera Rodríguez —el único titular que se opuso al acuerdo— son infundadas e impro-cedentes en derecho. Sus argumentos consistían, esencial-mente, en que no concurrieron la mayoría de los titulares del condominio a la Asamblea Extraordinaria, que el acuerdo autorizaba la enajenación de un elemento común y que no se había presentado un contrato específico ni un plan para la disposición de los fondos ante la consideración de los titulares. En su función revisora de las determina-ciones del Consejo de Titulares del Condominio Torre de Caparra, el Departamento de Asuntos del Consumidor co- *498 rrectamente descartó de plano todas estas objeciones. Per-mitir que al amparo de estos fundamentos el señor Rivera Rodríguez anule la efectividad del contrato en cuestión su-pondría reconocerle un poder de veto contrario a los prin-cipios de la buena fe y de la prohibición del abuso del de-recho que siempre han regido en todo nuestro ordena-miento jurídico y que, por ende, aplican a la presente si-tuación de hechos.
Por todo lo anterior, disentimos respetuosamente del curso de acción seguido por la mayoría.